**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TERRY MINNICK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 17 C 799** |
| ) | |
| **SAM'S WEST, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Terry Minnick sued Sam's West, Inc. in state court seeking to recover damages for injuries she suffered when and after she fell at a Sam's Club store in March 2014. Sam's West removed the case to federal court based on diversity of citizenship. Now that discovery has been completed, Sam's West has moved for summary judgment. In deciding the motion, the Court views the evidence in the light most favorable to Minnick, the non-moving party, and draws reasonable inferences in her favor. *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 401 (7th Cir. 2018). Summary judgment is proper only if there is no genuine dispute regarding any material fact and defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### Facts

It appears to be undisputed that Minnick, who was just under sixty-seven years old at the time, tripped over a large container of detergent that, although it was being

offered for sale, was sitting on the floor in front of racks where products were displayed. On a video, the container appears to be bucket-shaped. It also appears to be undisputed, at least for purposes of this motion, that the container should not have been there (it doesn't match the product container in front of which it is sitting, and it's sitting by itself, not on a display).

There is a video recording of the events surrounding Minnick's fall. It is an overhead view, and it is a bit grainy. One can observe the detergent container, which has a blue lid, sitting on the floor immediately in front of a rack where products are displayed. Minnick enters the area with a shopping cart. She walks back and forth in front of the rack for a couple minutes, presumably trying to decide what to buy and whether to buy it. Sam's West says that the video shows Minnick looking down at the floor, but that is hard to say for sure, and a reasonable jury could find otherwise. It does appear, however, that Minnick steps around the detergent container once or twice, which suggests that she saw it. It is also fair to say that the container was not obscured or hidden behind anything. That said, however, the container is on the floor, whereas it appears that the displayed product in front of which the container is sitting is at chest level or perhaps even a bit higher.

After a couple minutes, as Minnick is continuing to look at the products on the racks and walk back and forth, she appears to trip over the detergent container and fall to the ground, where she lies essentially motionless for an extended period while, presumably, help is being summoned. It does not appear from the video that Minnick was looking at or toward the detergent container immediately before she fell over it.

**Discussion**

Under Illinois law, which the parties agree applies here, a possessor of land is liable for physical harm caused to its invitees by a condition on the land if he reasonably would discover the condition and should realize an unreasonable risk; should expect that invitees will not realize the danger or will fail to protect themselves; and fails to exercise reasonable care to protect the invitees from the danger. *See Ward v. K Mart Corp.*, 136 Ill. 2d 132, 146, 554 N.E.2d 223, 229 (1990) (citing, with approval, Restatement (Second) of Torts § 343 (1965)). Even though "people are expected to appreciate and avoid obvious risks," *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 448, 665 N.E.2d 826, 832 (1996)), there is no *per se* exception to liability for conditions that are open and obvious. *See Ward*, 136 Ill. 2d at 147, 554 N.E.2d at 229-30; *see also Bucheleres*, 171 Ill. 2d at 449, 665 N.E.2d at 833. Rather, a possessor of land is not liable to invitees for physical harm caused by a condition whose danger is known or obvious to them "unless the possessor should anticipate the harm despite such knowledge or obviousness." *Ward*, 136 Ill. 2d at 149, 554 N.E.2d at 231 (quoting Restatement (Second) of Torts § 343A (1965)). "[R]eason to expect harm to visitors from known or obvious dangers may arise 'where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.'" *Id.* at 149-50, 554 N.E.2d at 231 (quoting Restatement (Second) of Torts § 343A, cmt. f (1965)). *See generally Henderson v. Lofts at Lake Arlington Towne Condo. Ass'n*, 2018 IL App (1st) 162744, ¶¶ 40-51, 105 N.E.2d 1, 9-13.

Taking the evidence in the light most favorable to Minnick as the law requires at

this stage of the case, the Court concludes that a reasonable jury could find that her case falls within what might somewhat loosely be called the distraction exception to the open and obvious rule. Immediately before tripping over the detergent container, Minnick was looking at and handling products on display on racks, which is precisely why those products are there on display. A reasonable jury could find that Sam's West had every reason to expect that a shopper's attention might be distracted by displayed products so that she would forget a dangerous condition right next to her, even if she had seen it just before. Thus a reasonable jury could find that in failing to protect shoppers against the condition,[1] Sam's West was negligent and this proximately caused Minnick's injury. For similar reasons, the Court is unpersuaded that the same evidence reflects that Minnick was more than fifty percent negligent as a matter of law.

### Conclusion

For the reasons stated above, the Court denies defendant's motion for summary judgment. The case is set for a status hearing on November 28, 2018 at 9:15 a.m. for the purpose of setting a trial date and discussing the possibility of settlement.

Date: November 21, 2018

_____
MATTHEW F. KENNELLY
United States District Judge

---

[1] The Court notes that the video appears to show several Sam's Club employees walking by the container on the floor—before Minnick tripped over it—without taking any action to remove it or otherwise render the condition safe.